UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN BUNTING, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>JUNE CARTER-BUNTING, an individual; RANDALL BUNTING, an individual; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Civil No. 11cv0414-L (WMC)<br><br>**ORDER DENYING MOTION TO DISMISS OR TO TRANSFER TO THE DISTRICT OF NEVADA [doc. #3]** |

On February 28, 2011, Defendants June Carter-Bunting and Randall Bunting ("Defendants") removed this action for fraud to this Court. On March 7, 2011, Defendants filed a motion to dismiss based on lack of personal jurisdiction and improper venue, or alternatively, to transfer the action to the District of Nevada. [doc. #3]. Plaintiff opposes.

For the following reasons, the Court **DENIES** Defendants' motion to dismiss or to transfer the action to the District of Nevada.

**I.    BACKGROUND**

Plaintiff is a resident of California. (Compl. at 1). Defendants, Plaintiff's son and daughter-in-law, are residents of Nevada. *Id.* at 2. In April 2007, Defendants visited Plaintiff in her home in Vista, California ("San Diego Real Property"). Plaintiff alleges that the purpose of

1  the Defendants' visit was to convince her to move in with them in their Nevada home. *Id.* After
2  Plaintiff agreed to move to Nevada, Defendants arranged for Plaintiff to stay with a friend while
3  Defendants hired a realtor to pack up her personal property. *Id.* at 3. Plaintiff alleges this was
4  done in order to prepare the property for sale. *Id.* Thereafter, Plaintiff moved to Nevada and
5  lived with the Defendants for a period of two weeks. *Id.* During this time, Plaintiff, at the
6  direction of the Defendants, purchased a house in Nevada ("Nevada Real Property"). Plaintiff
7  also alleges that Defendant June took her to a notary public to sign a quitclaim deed to transfer
8  the title of the Nevada Real Property to Defendants. *Id.* at 4. Approximately ten days after
9  Plaintiff moved in with the Defendants, Plaintiff expressed a desire to move back to San Diego.
10 *Id.* at 3. At the end of the two weeks, Plaintiff returned to her home in San Diego. *Id.* at 4.

11       In June 2007, Defendants arrived at Plaintiff's home with a mortgage loan officer. *Id.*
12 Under the direction of the Defendants, Plaintiff executed a reverse mortgage on her home and
13 took out $262,000.00 from the property. *Id.* The parties dispute whether Plaintiff knowingly
14 executed the reverse mortgage on her home. There is no dispute, however, that the $262,000.00
15 was paid to Defendants to pay off money owed on the Nevada Real Property. (Compl. at 4;
16 Motion Memo. of Ps & As at 3).

17       On January 25, 2011, Plaintiff initiated this action in the Superior Court for the State of
18 California, County of San Diego. [doc. #1]. In her Complaint, Plaintiff alleges six causes of
19 action: (1) Fraud – Intentional Misrepresentation; (2) Undue Influence – Constructive Fraud; (3)
20 Breach of Fiduciary Duty; (4) Financial Elder Abuse; (5) Constructive Trust – Equitable Lien;
21 and (6) Conversion. (Compl. at 1). On February 28, 2011, Defendants removed the action to this
22 Court. [doc. #1].

23       Defendants move to dismiss for lack of personal jurisdiction under Rule (b)(2) of the
24 Federal Rules of Civil Procedure, or to alternatively transfer the case to the District of Nevada
25 under Section 1404(a) of Title 28 of the United States Code. Plaintiff opposes the motion.
26 ///
27 ///
28 ///

## II.     DISCUSSION

### A.     Motion to Dismiss for Lack of Personal Jurisdiction

The plaintiff has the burden of establishing personal jurisdiction. *See Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). In ruling on the motion, the "court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Where a motion is based on written materials rather than an evidentiary hearing,

> the plaintiff need only make a *prima facie* showing of jurisdictional facts. In such cases, we only inquire into whether [the plaintiff]'s pleadings and affidavits make a *prima facie* showing of personal jurisdiction. Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002)(citations and quotation marks omitted).[1] A *prima facie* showing means that "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Unocal*, 248 F.3d at 922.

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Both the California and the federal long-arm statute, FED. R. CIV. P. 4(k)(2), *see Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007), require compliance with due process requirements. *Pebble Beach*, 453 F.3d at 1155.

There are two types of personal jurisdiction: general and specific. General jurisdiction "enables a court to hear cases unrelated to the defendant's forum activities . . . ." *Fields v. Sedgewick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related activities gave rise to the action before the court. *See Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086

---

[1] "Of course, at any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove the jurisdictional facts at trial by a preponderance of the evidence." *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977).

(9th Cir. 2000). Plaintiff claims that the Court has specific jurisdiction over Defendants.

Specific jurisdiction is established by showing three elements: (1) the out-of-state defendant purposefully directed its activities toward a resident of the forum state; (2) the cause of action arose out of or resulted from the defendant's forum-related action; and (3) the forum's exercise of personal jurisdiction is reasonable. *Myers v. The Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach*, 453 F.3d at 1155.

### 1. Purposeful Direction

Under the first prong of the specific jurisdiction test, the plaintiff must establish that the defendants either purposefully availed themselves of the privilege of conducting activities in California, or purposefully directed their activities toward California. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The Court of Appeals for the Ninth Circuit has noted that purposeful availment and purposeful direction are two distinct concepts. A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort. *Id.* (internal citations omitted). In this case, Plaintiff's claims--fraud, undue influence, breach of fiduciary duty, financial elder abuse, constructive trust, and equitable lien--sound primarily in tort.

In analyzing purposeful direction, the Court applies the "effects" test first established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *See Schwarzenegger*, 374 F.3d at 803. Under this test, "the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

Defendants argue that the case centers around Plaintiff's acts while she lived with the Defendants in Nevada. Specifically, they argue that Plaintiff's purchase of the Nevada Real Property and the related events that took place in Nevada are the crux of this case. However, Plaintiff's lawsuit arises out of Defendants' visit to her home in June 2007, where they allegedly "unduly influenced, pressured and fraudulently coerced her into signing" the reverse mortgage

agreement, (Opp. at 6), not the transactions that took place in Nevada. Based on the facts set forth in Plaintiff's Complaint, the Court concludes that the case arises out of the Defendants' conduct in connection with the reverse mortgage agreement. Accordingly, the events that took place in Nevada have no jurisdictional significance.

The first prong of the *Calder* effects test requires an intentional act, which refers to "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). The Court concludes that the intentional act requirement is satisfied. Defendants committed an intentional act when they went to Plaintiff's home in California with a mortgage officer to get Plaintiff to execute a reverse mortgage agreement.

The second prong is whether the Defendants expressly aimed their conduct at the forum. The Ninth Circuit has explained that "something more" than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction," *Schwarzenegger*, 374 F.3d at 805; that "something more" is what the Supreme Court described as "express aiming at the forum state." *See Pebble Beach*, 453 F.3d at 1156 (quoting *Bancroft*, 223 F.3d at 1087). "[T]he 'express aiming' requirement . . . is satisfied when 'the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (quoting *Bancroft*, 223 F.3d at 1087). Although Defendants state that Plaintiff "intended, and in fact, later became domiciled in Nevada," (Motion Memo. of Ps & As at 8), it is undisputed that Plaintiff expressed her desired to and did move back to California after two weeks of living with the Defendants, (Compl. at 3-4; Motion Memo. of Ps & As at 2-3). Thus, when Defendants visited Plaintiff at her home in California in June 2007, Defendants were aware that Plaintiff was a California resident. The Court concludes that Defendants' allegedly wrongful conduct was expressly aimed at Plaintiff "whom [they knew was] a resident of the forum state." *See Dole Food*, 303 F.3d at 1111.

The third prong requires that the defendant's wrongful conduct inflicted "harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell*, 606 F.3d at 1128. Plaintiff has alleged economic loss and damages for emotional distress based on Defendants'

coercive and fraudulent transaction. (Opp. at 7). The Court concludes that the effects of Defendants' acts resulted in harm suffered by California.

### 2. Claim Arising out of, or Related to, Forum Activities

The second jurisdictional element of specific jurisdiction requires that the plaintiff's claims arise out of the defendant's forum-related activities. *See Panavision International v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) ("We must determine if the plaintiff. . . . would not have been injured 'but for' the defendant['s] . . . conduct directed toward [plaintiff] in [the forum]."). Defendants again argue that the subject of the lawsuit is the Nevada Real Property and the related transactions that occurred in Nevada. (Motion Memo. of Ps and As at 9). As discussed above, however, Defendants' visit to Plaintiff's home in June 2007, forms the basis of most if not all of Plaintiff's claims. But for Defendants' alleged "insistence in having [Plaintiff] enter into the reverse mortgage transaction, and facilitating same by bringing a California mortgage loan officer into her home," Plaintiff would not have suffered the alleged losses. (Opp. at 7). The Court concludes that Plaintiff's claims directly arise out of Defendants' forum activities.

### 3. Reasonableness

Once the plaintiff makes a *prima facie* case that the assertion of specific jurisdiction over the defendant is constitutional, *Burger King*, 471 U.S. at 480, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable and therefore violate due process. *Id.* at 477-78. In determining whether the exercise of jurisdiction comports with "fair play and substantial justice" and is therefore reasonable, the Ninth Circuit considers seven factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Dole Food*, 303 F.3d at 1114.

As to purposeful injection into California, Defendants argue that this factor weighs in

their favor because Plaintiff and Defendants "entered into a voluntary agreement for the loan and sale" of the Nevada Real Property. (Motion Memo. of Ps & As at 10). The fact that the parties entered into a voluntary agreement to purchase a property in Nevada, however, is irrelevant to Defendants' interjection into California. Actions directed at a forum resident expected to cause harm in the forum constitute purposeful injection. *See, e.g., Panavision*, 141 F.3d at 1323; *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 475 (9th Cir. 1995). Because the Court finds that Defendants' visit to Plaintiff's home constituted an action directed at a forum resident, the Court also concludes that such action constitutes purposeful injection.

    As to the second prong, Defendants contend that having to litigate in California would be overly burdensome for them because they would need to retain an attorney in Nevada and an attorney in California. (Motion Memo. of Ps and As at 10). Defendants may be correct; however, the second prong is outweighed by considerations with regard to the third, fourth, fifth, and sixth prong of the reasonableness test. Defendants contend that under the third and fourth prong, both "California and Nevada have significant interests in this action in redressing its residents for alleged tortuous injuries." *Id.* Defendants' argument is unconvincing because Plaintiff's complaint has nothing to do with Defendants' alleged injuries that occurred in Nevada. The injuries Plaintiff asserts she sustained occurred in California. (Opp. at 9). Nevada likely does not have an interest in adjudicating a claim that arose out of events exclusively in California. Further, California has an interest in adjudicating claims alleged by its residents against out of forum defendants, especially when the injury occurred in California.

    As to the fifth prong, Defendant contend that Plaintiff's claim can be efficiently resolved in either California or Nevada because it is still early in the proceedings. (Motion Memo. of Ps and As at 10). The Court finds this factor neutral under the reasonableness analysis.

    Under the final prong, Defendants concede that California would be more convenient for Plaintiff, but they argue that an alternative forum exists in Nevada. *Id.* Although this is possible, it does not change the Court's analysis because significantly more factors weigh in favor of reasonableness in California. The Court concludes that Defendants have not met their burden of showing that the exercise of specific jurisdiction would be unreasonable.

The Court finds that California has personal jurisdiction over Defendants. Accordingly, the Court DENIES the Defendants' Motion to Dismiss based on lack of personal jurisdiction.

**B.     Motion to Dismiss Based on Improper Venue**

Under Section 1391(b) of Title 28 of the United States Code,[2]

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

A defendant may raise the defense of improper venue by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3). If the Court determines venue is improper, it may dismiss the case, or if it is in the interest of justice, the Court may transfer the case to any other district in which it could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982). Ultimately, the decision whether to dismiss or transfer rests in the Court's sound discretion. *See King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992).

Defendant argues that venue is improper because "a substantial part of the alleged events or omissions giving rise to Plaintiff's claims did not occur in California, nor is the subject real property situated in California." (Motion Memo. of Ps and As at 11). Plaintiff contend that the event giving rise to her claim is Defendants' participation in coercing her to execute a reverse mortgage agreement on her California home. The Court concludes that venue is proper because the event underlying Plaintiff's claim took place in California. Accordingly, Defendants' motion to dismiss for improper venue is DENIED.

**C.     Motion for Change of Venue under 28 U.S.C. § 1404(a)**

Section 1404(a) of Title 28 of the United States Code provides that even when venue is proper, the court has discretion to transfer an action "[f]or the convenience of parties and

---

[2] 28 U.S.C. § 1391 has been revised since Defendants' filed their Motion to Dismiss. The 2012 version of the statute does not make a distinction between actions where jurisdiction is founded solely on diversity of citizenship and actions involving a federal question.

witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this section is to "prevent the waste 'of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)). The party requesting the transfer bears the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

To support a motion to transfer under § 1404(a), the moving party must first show the proposed transferee court possesses subject matter jurisdiction over the action, the parties would be subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *A.J. Indus., Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir. 1974). If this threshold requirement is established, the Court next looks at whether the convenience of parties and witnesses, and the interests of justice favor transfer. 28 U.S.C. § 1404(a). In the Ninth Circuit, courts weigh several considerations when determining whether transfer is appropriate: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses and availability of compulsory process; (4) ease of access to the evidence; (5) feasibility of consolidation of other claims; (6) familiarity of each forum with the applicable law; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. *Decker Coal*, 805 F.2d at 843; *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000).

The parties do not expressly dispute whether the Nevada District Court would have subject matter jurisdiction or personal jurisdiction over the claim. They only dispute whether a substantial part of the events giving rise to Plaintiff's claim took place in Nevada or California. Plaintiff repeatedly asserts the event giving rise to her claim is the reverse mortgage transaction

that took place in California. Applying the personal jurisdiction analysis above, it is not likely that Nevada would have personal jurisdiction over Plaintiff. Although the Court has concluded that Nevada would likely lack personal jurisdiction over Plaintiff, the Court will continue with the analysis.

### 1.  Convenience of the Parties and Witnesses

"The general rule is that a plaintiff's choice of forum is afforded substantial weight." *Williams v. Bowman*, 157 F. Supp.2d 1103, 1106 (N.D. Cal. 2001). "In judging the weight to be accorded [plaintiff]'s choice of forum, consideration must be given to the extent of both [plaintiff]'s and the [defendants'] contacts with the forum, including those relating to [plaintiff]'s cause of action. If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff]'s choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citation omitted).

Plaintiff chose to litigate her claim in California. (Opp. at 12). She resides in Vista, California, and her claim arises out of the reverse mortgage transaction that took place in the Southern District of California. It is undisputed that Defendants do not reside in California. Defendants have made visits to California to arrange for Plaintiff to relocate in Nevada. But it is not reasonable to find that Defendants have significant connections to California. However, given the subject matter of the litigation is substantially connected to this forum, the Southern District of California does have an interest in Plaintiff and her claim. Because the "operative facts" relating to Plaintiff's claim occurred within this forum, the Court gives Plaintiff's choice of forum substantial weight. Accordingly, the Court finds that the convenience of the parties weighs in favor of retaining the action in this forum.

### 2.  Location of Witnesses and Documentary Evidence

One of the most important factors in weighing whether to transfer an action is the convenience of the witnesses. *In re Eastern Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994). To demonstrate inconvenience, the moving party:

> should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action.

> The court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case.

*Steelcase, Inc. v. Haworth, Inc.*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996) (citation omitted). Defendants contend that "the real property and most of the witnesses are located in Nevada." (Memo Motion. of Ps and As at 13). But Defendants fail to show how any of these witnesses are relevant to this case. Plaintiff alleges that her primary witnesses will be Defendants, herself, and the California mortgage officer who effectuated the reverse mortgage. (Opp. at 12). The location of evidence is likely with Plaintiff or the witnesses, including the Defendants. Litigation in the Southern District of California would be more convenient for Plaintiff because it would give Plaintiff better access to her witnesses and any documentary evidence.  Accordingly, the convenience of witnesses and access to evidentiary materials weighs against transfer.

### 3. Interest of Justice

"The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate." *Madani v. Shell Oil Co.*, 2008 WL 268986, *2 (N.D. Cal., Jan. 30, 2008) (quotation omitted); *see also Mussetter Distrib., Inc. v. DBI Beverage Inc.*, 2009 WL 1992356, *6 (E.D. Cal., July 8, 2009); *Amazon.com v. Cendant Corp.*, 404 F. Supp.2d 1256, 1261 (W.D. Wash. 2005).

"An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Madani*, 2008 WL 268986, *2); *Bratton v. Schering-Plough Corp.*, 2007 WL 2023482, *5 (D. Ariz., July 12, 2007) ("In general, cases should be transferred to districts where related actions are pending."). "The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386-87 (9th Cir. 1974) (citations omitted).

Defendants note that Defendant June has retained counsel in Nevada to resolve a claim against the Plaintiff that arise out of Plaintiff's conduct in Nevada but there is no indication that a lawsuit was ever filed. (Motion Memo. of Ps and As at 4). The Court finds that the transfer of this action to the District of Nevada would not serve the interest of justice since there will be no possible consolidation of discovery or conservation of any time, energy or money. Accordingly, Defendants' motion to transfer venue is DENIED.

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED**:

1. Defendants' motion to dismiss for lack of personal jurisdiction is **DENIED**.
2. Defendants' motion to dismiss for improper venue is **DENIED** .
3. Defendants' motion to transfer venue is **DENIED.**
4. Defendants shall answer the Complaint within the time provided by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: February 13, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL